UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| **ANTOINE D. McCOY,** <br><br> Plaintiff, <br><br> v. <br><br> **ATLANTIC COUNTY JUSTICE FACILITY, and GERALDINE COHEN,** <br><br> Defendants. | Civ. No. 17-5178 (RMB) <br><br><br> **OPINION** |

**BUMB, District Judge**

Plaintiff Antoine D. McCoy seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Atlantic County Justice Facility and Warden Geraldine Cohen, based on the conditions of confinement. (Compl., ECF No. 1.) He has filed an application to proceed *in forma pauperis* ("IFP"), which establishes his financial eligibility to proceed without prepayment of fees. (IFP App., ECF No.1-2.)

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review a prisoner's complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such

relief. For the reasons discussed below, the Court will grant the IFP application and dismiss the complaint without prejudice.

I.   *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the *Pro Se* Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. § 1915(e)(2)(B), district courts must review complaints filed by persons proceeding *in forma pauperis* in civil actions, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSSION

Plaintiff seeks monetary damages from ACJF and Warden Geraldine Cohen for allegedly unconstitutional conditions of confinement, including black mold in the showers and outdated ventilation system, which caused him to suffer respiratory problems, boils, and ringworms. (Compl., ECF No. 1.)

The Atlantic County Justice Facility ("ACJF") is not a "state actor" within the meaning of § 1983. See Crawford v. McMillian, 660 F. App'x 113, 116 (3d Cir. 2016) ("the prison is not an entity subject to suit under 42 U.S.C. § 1983") (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973)). Therefore, the claims against ACJF must be dismissed.

To state a § 1983 claim for a constitutional violation, a plaintiff must allege facts showing each defendant's personal involvement in the alleged misconduct. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.3d 1195, 1207 (3d Cir. 1988). Here, Plaintiff has not alleged any facts concerning the involvement of Geraldine Cohen in the conditions of the jail. Plaintiff asserts only that he alerted sergeants and multiple staff members about the mold in the showers, outdated ventilation systems, and lack of cleaning materials. (Compl., ECF No. 1, ¶¶III, IV.)

Plaintiff, however, may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement. Plaintiff is

4

advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred, in order to survive this Court's review under §§ 1915 and 1915A. The due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship *over an extended period of time*, that the adverse conditions become excessive in relation to the purposes assigned to them. Hubbard v. Taylor, 538 F.3d 229, 233 (3d Cir. 2008) (alterations omitted) (emphasis added) (quoting Bell v. Wolfish, 441 U.S. 520, 542 (1979)). The fact that an individual is temporarily exposed to mold and outdated ventilation, without more, does rise to the level of a constitutional violation.

If Plaintiff files an amended complaint, he should include specific facts, such as the dates and length of his confinement(s), any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement. Plaintiff should note that when an amended complaint is filed, it should be complete in itself because it replaces the original complaint. See 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990).

III. CONCLUSION

For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter if Plaintiff files an amended complaint within the time allotted by the Court.

An appropriate order follows.

                                          s/Renée Marie Bumb_____
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**

**Dated: September 6, 2017**